Filed 10/29/13  Marriage of Skinner CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of KIMBERLY M. and RICHARD R. SKINNER. | D062018 |
| KIMBERLY M. McSHERRY, Respondent, v. RICHARD R. SKINNER, Appellant. | (Super. Ct. No. ED47922) |

APPEAL from orders of the Superior Court of San Diego County, Darlene A. White, Commissioner.  Affirmed.

Richard R. Skinner, in propria persona, for Appellant.

No appearance for Respondent.

This is the third appeal by Richard R. Skinner, proceeding in propria persona, in this marital dissolution action.  This time, he challenges orders modifying custody and

visitation of his two minor children and making permanent a domestic violence restraining order obtained by his former wife, Kimberly M. McSherry. We affirm.

BACKGROUND

Skinner and McSherry divorced in 2000. Since that time, their many disputes over the custody, visitation, and support of their two minor children have necessitated family court intervention. McSherry has also obtained domestic violence restraining orders against Skinner.

In April 2012, the family court held an evidentiary hearing on Skinner's request that the custody and visitation orders be modified and McSherry's request that the restraining order against Skinner be made permanent. Skinner requested his son, then 14 years old, testify at the hearing about spending more time with Skinner. The court denied the request on the ground it would not be in the son's best interests to testify at the hearing. (Fam. Code, § 3042; Cal. Rules of Court, rule 5.250.) Several witnesses testified at the hearing, and reports and other documents were introduced.

After receiving the evidence and hearing arguments from the parties and counsel appointed for the minor children, the court entered a comprehensive order regarding custody, visitation, and related matters. As pertinent to this appeal, the court made the following rulings: (1) McSherry was given sole legal custody of the minor children; (2) Skinner and his daughter were ordered to participate in therapy regarding their relationship, with the costs of the daughter's therapy not covered by insurance to be shared equally by Skinner and McSherry; (3) Skinner was granted visitation of his son two evenings a week and three weekends a month; (4) Skinner and McSherry were

2

ordered not to file an order to show cause or set a family court services mediation date without the court's permission or a motion by the minor children's counsel; and (5) Skinner and McSherry were ordered to share equally the fees and costs of the minor children's counsel. The court also made permanent the domestic violence restraining order McSherry previously had obtained against Skinner.

## DISCUSSION

Skinner requests changes to several aspects of the family court's orders. He asks us to reverse the order refusing to allow his son to testify. Skinner also asks that he be given joint legal custody of the minor children, that visitation with his son be scheduled in accordance with the son's wishes, that McSherry pay all costs and fees of the family therapist and minor's counsel, that "support should be cut as an incentive to [McSherry] to do what is in [their] daughter's best interests," and that the prohibition on filing an order to show cause or setting a mediation date without court permission or a motion by minor's counsel be deleted. Skinner further requests dismissal of the restraining order obtained by McSherry. We decline these requests.

Skinner's appeal fails on fundamental principles of appellate review. One such principle is that a judgment or an order is presumed to be correct on appeal, and the party challenging the judgment or the order must affirmatively show error by an adequate record. (E.g., *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141; *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) To discharge this burden, the appellant must make an argument in support of the claims of error that includes citation of legal authority and facts of record. (Cal. Rules of

3

Court, rule 8.204(a)(1)(B), (C); *Sims v. Department of Corrections & Rehabilitation* (2013) 216 Cal.App.4th 1059, 1081; *Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003 & fn. 2; *Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119.)  "An appellate court is not required to consider alleged errors where the appellant merely complains of them without pertinent argument."  (*Strutt v. Ontario Sav. & Loan Assn.* (1972) 28 Cal.App.3d 866, 873.)  "One cannot simply say the court erred, and leave it up to the appellate court to figure out why."  (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368.)  "We are not bound to develop appellants' arguments for them.  [Citation.]  The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived."  (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830; see also *Multani v. Witkin & Neal* (2013) 215 Cal.App.4th 1428, 1457 (*Multani*) ["'conclusory claims of error will fail'"]; *Dabney v. Dabney* (2002) 104 Cal.App.4th 379, 384 ["We need not consider an argument for which no authority is furnished."].)

Skinner's brief contains nothing recognizable as a legal argument.  His brief clearly expresses his unhappiness with the current custody and visitation arrangement and his frustration with the participants in the events and legal process that led up to it.  For example, Skinner (1) rails against McSherry, whom he accuses of perjury and describes as "a treacherous manipulator"; (2) complains that McSherry's current husband has a "nasty demeanor" and is "critical and abusive" of Skinner's son; and (3) disparages the family court as "a Kangaroo-Court" for ignoring McSherry's "pattern of false allegations," "conduct[ing] business as usual" in disregard of the law, making permanent the restraining order after a "hearing [that took] seconds without subpoenaed witnesses

4

testifying," and "not being diligent in determining the facts." Skinner does not provide record citations for his many factual allegations, however, and "[w]e are not required to search the record to ascertain whether it contains support for [his] contentions." (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545.) Nor does Skinner cite any statutes, cases, or other legal authorities in support of his contentions, which we therefore deem forfeited. (*Multani*, *supra*, 215 Cal.App.4th at p. 1457; *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655; *In re Marriage of Falcone & Fyke*, *supra*, 164 Cal.App.4th at p. 830.) Rather, Skinner "yields to [us] to properly apply the laws," and asks us to help him in his "battle" for "the children and justice." Such emotional pleas, no matter how sincerely or strongly urged, are no substitute for the persuasive legal argument we require before we will modify or reverse the orders challenged on appeal.

In rejecting his challenges to the family court's orders, we are mindful that Skinner represents himself. Self-representation, however, does not allow an appellant to avoid the obligation to make an affirmative showing of error. Our Supreme Court has "ma[d]e clear that mere self-representation is not a ground for exceptionally lenient treatment. Except when a particular rule provides otherwise, the rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.) This court has similarly held: "'When a litigant is appearing in propria persona, he is entitled to the same, but no greater, consideration than other litigants and attorneys. . . . Further, the in propria persona litigant is held to the same restrictive rules of procedure as an attorney.'" (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125-1126; accord,

5

*County of Orange v. Smith* (2005) 132 Cal.App.4th 1434, 1444; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)  Thus, since Skinner did not comply with the rules requiring all appellants to state a cogent legal argument supported by authority, he has forfeited his claims of error.

Finally, we must dispose of Skinner's request for judicial notice of correspondence, a hearing transcript, and various documents filed in the action.  Judicial notice is proper only if the material to be noticed is relevant to a claim of error and helpful to its resolution.  (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 422, fn. 2; *Duronslet v. Kamps* (2012) 203 Cal.App.4th 717, 737.)  That is not the case here.  Because Skinner has not articulated a legal argument that would support reversal or modification of the family court's orders, there is no claim of error to which the documents of which he requests judicial notice would be relevant. Accordingly, we deny the request.

DISPOSITION

The order regarding custody and visitation filed April 19, 2012, and the domestic violence restraining order filed April 9, 2012, are affirmed.

_____
IRION, J.

WE CONCUR:

_____
BENKE, Acting P. J.

_____
NARES, J.