[No. B069394. Second Dist., Div. Three. Nov. 28, 1994.]

HARNETHIA MANSELL, Plaintiff and Appellant, v.
BOARD OF ADMINISTRATION OF THE PUBLIC EMPLOYEES'
RETIREMENT SYSTEM, Defendant and Respondent.

## COUNSEL

Harnethia Mansell, in pro. per., for Plaintiff and Appellant.

Richard H. Koppes and Richard B. Maness for Defendant and Respondent.

## OPINION

KLEIN, P. J.—Plaintiff and appellant Harnethia Mansell (Mansell), in propria persona, appeals a judgment denying her petition for writ of mandamus (Code Civ. Proc., § 1094.5) against defendant and respondent Board of Administration of the Public Employees' Retirement System (PERS) (hereafter referred to as the Board).

The issue is not Mansell's basic entitlement to retirement benefits but only whether she is eligible for enhanced benefits. We address whether Mansell was injured while performing "particularly hazardous and dangerous" duties, which would entitle her to an enhanced retirement allowance. (Gov. Code, § 21292.6.)[1]

Because the trial court properly concluded the injury was not sustained during a particularly hazardous or dangerous activity, the judgment is affirmed.

### FACTUAL AND PROCEDURAL BACKGROUND

Mansell became a state safety member of PERS on January 1, 1983, by virtue of state employment. At the relevant time she was employed by the Department of Corrections as an academic teacher at the California Institution for Men at Chino (Chino). In addition to the usual teaching duties, teachers in Mansell's job specification were required to maintain control and discipline in the classroom, controlling all materials and equipment which might be used as weapons.

On Friday, March 1, 1985, Mansell injured her back while moving boxes from one location to the other within Chino. The boxes contained articles which she would not allow inmates to assist her to move as they contained objects such as pencils and scissors which could be used as weapons. Mansell suffered pain in her back and stomach but continued moving the boxes on Friday and rested over the weekend. The moving resumed the following week and it was not until Thursday that she received treatment for her backache.

---

[1] All further statutory references are to the Government Code, unless otherwise specified.

Mansell applied for industrial disability retirement in March 1986 based on an orthopedic injury to her back. After review of medical evidence, PERS granted the application on that basis and Mansell retired effective February 28, 1987.

Mansell's retirement allowance was calculated pursuant to section 21292.6, which limited her retirement allowance to what she would have received as retirement for service at age 55.

Mansell objected to the calculation of her allowance and requested the allowance be calculated according to section 21292.5, which authorizes industrial disability allowance equal to 50 percent of final compensation or equal to service retirement allowance, whichever is greater.

PERS determined Mansell met the requirements for application of section 21292.6 and did not come within any of the exceptions to the operation of that statute. She did not claim she was injured as a direct consequence of a violent act perpetrated upon her person. Further, the injury did not occur during the performance of "particularly hazardous and dangerous" duties, which is a prerequisite to recovery under section 21292.5.

Mansell filed an administrative appeal in which she was represented by counsel. Following an evidentiary hearing at which Mansell testified, the administrative law judge (ALJ) rendered a proposed decision rejecting Mansell's application for recalculation of her industrial disability retirement allowance pursuant to section 21292.5 and affirming PERS's calculation of the retirement allowance pursuant to section 21292.6. The Board adopted the ALJ's proposed decision as its decision in the matter.

On August 25, 1989, Mansell filed a petition for writ of administrative mandate against the Board in the superior court. She sought review of the Board's determination with respect to her industrial disability retirement allowance. Relying on the principle that pension legislation is to be liberally construed, Mansell contended she was exempt from section 21292.6. She argued she came within the ambit of section 21292.5 because she was injured while moving boxes which could not be moved by the inmates in that they contained potentially dangerous instruments.

In opposition, the Board argued "particularly hazardous and dangerous" duties within the meaning of section 21292.6 do not include speculative potential hazards and dangers, the circumstances surrounding Mansell's injury were not particularly hazardous and dangerous for a Department of Corrections teacher, and Mansell's actions at the time of injury indicate she

did not believe she was engaging in particularly hazardous and dangerous activity during that period, notwithstanding her later assertions to the contrary.

The matter was heard May 20, 1992. Utilizing the independent judgment test, the trial court ruled the weight of the evidence supported the Board's findings that Mansell's injury occurred "during the period of normal duty and not during a particularly hazardous or dangerous time as is required for enhanced disability retirement benefits[.]"

Mansell timely appealed the judgment denying her petition for writ of mandate.

CONTENTIONS

Mansell, who is prosecuting this appeal in propria persona, contends she is entitled to industrial disability benefits pursuant to section 21292.5. She also argues her counsel "was ill prepared to the point of default" and "very pertinent information was never considered in the decision of this case."

DISCUSSION

1.  *The relevant statutes.*

Mansell contends she falls within one of the exceptions set forth in section 21292.6 and therefore her disability retirement allowance should be based on section 21292.5.

At the relevant time, section 21292.6 stated in pertinent part: "Notwithstanding any other provision of this part, the industrial disability retirement allowance of a member whose membership commenced after January 1, 1980, . . . shall not exceed the service retirement allowance that would be payable as a result of service in that category of membership if the member's service had continued to age 55, if a . . . state safety . . . member . . . . [¶] *This section shall not be applicable to . . . a member whose disability* results from an injury which is a direct consequence of a violent act perpetrated upon his person or *occurs during the performance of those portions of his duties which are particularly hazardous and dangerous.*" (Stats. 1984, ch. 280, § 24, p. 1482, italics added.)[2]

Further, section 21292.5 provides: "Upon retirement of a state safety member for industrial disability he shall receive a disability retirement

---

[2]The 1986 amendment to section 21292.6, amending the statute to its present form, did not materially alter the italicized language. (Stats. 1986, ch. 199, § 15.)

allowance of 50 percent of his final compensation plus an annuity purchased with his accumulated additional contributions, if any, or, if qualified for service retirement, he shall receive his service retirement allowance if such allowance, after deducting such annuity, is greater."

2. *Standard of review.*

■ The role of the trial court here was to exercise its independent judgment on the evidence in the case. (*Strumsky* v. *San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28, 44-45 [112 Cal.Rptr. 805, 520 P.2d 29]; *Heaton* v. *Marin County Employees Retirement Bd.* (1976) 63 Cal.App.3d 421, 426 [133 Cal.Rptr. 809].) It is then "our task . . . to review the record to determine whether the trial court's findings are supported by substantial evidence. [Citation.] The trial court's decision should be sustained if it is supported by credible and competent evidence. [Citation.]" (*Wieser* v. *Board of Retirement* (1984) 152 Cal.App.3d 775, 783 [199 Cal.Rptr. 720].)

However, the determination whether Mansell falls within an exception to section 21292.6 so as to qualify for enhanced benefits under section 21292.5 requires interpretation of the statute, which is a question of law for this court's independent determination. (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699 [170 Cal.Rptr. 817, 621 P.2d 856]; *Shoban* v. *Board of Trustees* (1969) 276 Cal.App.2d 534, 541 [81 Cal.Rptr. 112].) In the analysis, we are guided by the principle that " 'pension legislation must be liberally construed and applied to the end that the beneficent results of such legislation may be achieved. Pension provisions in our law are founded upon sound public policy and with the objects of protecting, in a proper case, the pensioner and his dependents against economic insecurity. In order to confer the benefits intended, such legislation should be applied fairly and broadly.' [Citations.]" (*Bowen* v. *Board of Retirement* (1986) 42 Cal.3d 572, 577 [229 Cal.Rptr. 814, 724 P.2d 500].)

3. *No merit to Mansell's contention her injury occurred during the performance of those portions of her duties which were particularly hazardous and dangerous.*

Because Mansell's appellant brief lacks any legal analysis, we advert to her papers which were submitted to the trial court. ■ Mansell contended that moving the boxes outside the presence of the inmates did not preclude the applicability of the enhanced retirement benefit. She explained why she was required to move the boxes, arguing, "[i]t was established [she] was moving boxes because she knew what undoubtedly [would] happen i[f]

the inmates were allowed to move the boxes of teaching materials with potentially destructive instruments in them. [She] was unable to see all the inmates when they were in the room. Therefore, she undertook the job of personally moving boxes of supplies. [¶] [She] . . . [was] injured because she sought to fulfill her duties to properly supervise the conduct of the inmates in the classroom as well as to protect both herself and others in the institution from potential harm which might arise should the inmates steal such instruments as scissors and razor blades from the boxes while moving them."

The argument is unpersuasive. Mansell errs in focusing on the hazards she sought to prevent by moving the boxes personally. The issue under section 21292.6 was whether the injury occurred *"during the performance of those portions of [her] duties which are particularly hazardous and dangerous."* (§ 21292.6, italics added.) The mere act of moving boxes was not particularly more dangerous than engaging in such activity in any other setting.

Under Mansell's interpretation, the statute would be emasculated. Virtually any employee activity within the confines of a prison would be deemed particularly hazardous and dangerous due to the potential dangers in that setting.

Mansell's reliance on the liberality to be accorded pension legislation (*Bowen* v. *Board of Retirement, supra,* 42 Cal.3d at p. 577) is misplaced. While that rule is an aid to construction, it cannot vest a statute with a meaning it clearly lacks.

Accordingly, the trial court properly concluded Mansell's injury occurred "during the period of normal duty and not during a particularly hazardous or dangerous time as is required for enhanced disability retirement benefits[.]"

4. *Remaining contentions waived.*

Not only did Mansell fail to brief the statutory issue on appeal, but she has presented no intelligible legal argument as to any other contentions.

■ We are not required to search the record to ascertain whether it contains support for Mansell's contentions. (*Green* v. *Green* (1963) 215 Cal.App.2d 31, 35 [30 Cal.Rptr. 30].) Further, it is established that ". . . an appellate brief 'should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration.' [Citation.] [¶] . . . This court is not inclined to act as counsel for . . . appellant and furnish a legal

argument as to how the trial court's rulings . . . constituted an abuse of discretion." (*In re Marriage of Schroeder* (1987) 192 Cal.App.3d 1154, 1164 [238 Cal.Rptr. 12].)

Because it is not this court's function to serve as Mansell's backup appellate counsel and we decline to speculate as to how she may have been prejudiced, the remaining contentions are waived.

### DISPOSITION

The judgment is affirmed. Each party to bear respective costs on appeal.

Croskey, J., and Collins, J.,* concurred.

---

*Associate Justice of the Court of Appeal, Second District, sitting under assignment by the Chairperson of the Judicial Council.