Filed 7/24/14  Daria v. Level Studios CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION SIX

| | |
|---|---|
| HALEY DARIA,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>LEVEL STUDIOS, INC., et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B243554<br>(Super. Ct. No. 1341441)<br>(Santa Barbara County) |
| HALEY DARIA,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>LEVEL STUDIOS, INC., et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B248365<br>(Super. Ct. No. 1341441)<br>(Santa Barbara County) |

Haley Daria appeals from an order on June 28, 2012 that granted summary judgment in favor of Tom Adamski and Level Studios, Inc. (Level). Appellant also appeals from an order denying her petition for a Writ of Error *Coram Nobis*.  Appellant's appeals fail because her opening and reply briefs fail to identify substantive or procedural errors in the rulings of the trial court.

## FACTUAL AND PROCEDURAL HISTORY

Daria filed this action to resolve disputes that arose after she acquired a minority shareholder stake in Level Studios, Inc. (Level) through the settlement claims made against its principals in 2000 and 2007. The 2000 and 2007 settlements were the subject of settlement agreements that, in 2007, included a waiver of Civil Code section 1542.

Daria's fourth amended complaint against respondents asserts causes of action seeking damages and other remedies for (1) fraud and deceit; (2) for "self-dealing breach of fiduciary duties;" and (3) for conversion. Other "causes of action" seek the remedies of rescission and the impression of a constructive trust.

In February 2012, respondents moved for summary judgment contending the causes of action asserted by Daria were barred by (1) the statute of limitations; (2) the terms of the settlement agreements; and (3) the absence of any evidence of deceit on the part of respondents that caused her to be damaged.

In June 2012, the trial court granted respondents' motion for summary judgment, concluding Daria's claims were untimely filed and that they were extinguished by the settlement agreements Daria executed in 2000 and 2007. The trial court found that respondents' allegedly deceitful acts indisputably occurred no later than "late 2006" – more than three years before her suit was filed and ruled that the terms of the settlement agreements specifically included the claims made in this action. Thus, "on the substance of the fraud claims, defendants Level and Adamski are entitled to judgment as a matter of law." These findings also resolved the second and third causes of action for breach of a fiduciary duty and conversion. On August 7, 2012, a judgment was entered in favor of respondents.

On December 17, 2012, Daria filed a "motion to show cause for an order to name Doe defendants . . . and for a writ of *coram nobis* and replevin" that speaks to a "recent discovery" of additional securities of Level. This 24-page single-spaced pleading, like her opening brief, disregards the rules of court in regard

to the form and substance of pleadings. It asks the court to change its rulings on matters previously decided and to allow her to add parties to the lawsuit.

In February 2013, the trial court denied Daria's "Motion to Show Cause" to approve the substitution of four persons and an insurance company for fictitiously-named defendants and for a writ of error *corum nobis* and replevin. The trial court found Daria knew of the persons she wished to add to the lawsuit "from the beginning of this case" and that nothing warranted joining them in the proceedings. As to the writ, the court said, "The motion states no cause for relief in error *coram nobis* or replevin."

DISCUSSION

Daria's 44-page opening brief fails to comply with the rules of appellate procedure. It does not include a summary of significant facts with supporting citations to the appellate record. Daria fails to raise legal issues in a clear and concise manner and does not "[s]tate each point under a separate heading or subheading summarizing the point . . . ." (California Rules of Court, rule 8.204(a)(1)(B).) The brief consists of prolix accusations of misconduct by respondents, counsel and the court without any factual or legal analysis. Although appellant cites legal authorities, she does not explain how these authorities apply to this case. The brief does not "state the nature of the action, the relief sought in the trial court and the judgment or order appealed from." (*Id.*, rule 8.204(a)(2)(A).)

The appellant has the burden of providing an adequate record and of showing that error occurred and that it was prejudicial. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296.) Being self-represented does not change this obligation or lighten the burden. Appellate courts are bound by rules that apply to appellate processes and procedures and are not permitted to take on the obligation of one or more litigants and scour the record to determine whether there is evidentiary support for an appellant's contentions. (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545-546; *Niko v. Foreman*(2006) 144 Cal.App.4th 344, 368.)

3

Although Daria's shortfalls in her pleadings and briefs could be viewed as an abandonment of her appeal, there is enough in the trial court's rulings on the motion for summary judgment and the "Motion to Show Cause" to permit us to examine the merits of the order appealed from and to dispose of them on their merits.

*The Motion for Summary Judgment*

"The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute. [Citation.]" (*Aguilar v. Atlantic Richfield Co*. (2001) 25 Cal.4th 826, 843.) A motion for summary judgment "shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) A triable issue of material fact exists only if "the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof. . . ." (*Aguilar*, *supra*, p. 850.)

Here, nothing in Daria's briefs or in our review of the record warrants a conclusion other than the one reached by the trial court; viz., Daria is not entitled to any of the relief requested in her fourth amended complaint because it was untimely filed and because the relief sought is barred by the terms of settlement agreements executed in 2000 and 2007. The allegedly deceitful conduct Daria attributes to respondents was known to her, at the latest, in late 2006. Alternatively, the settlement agreement executed in 2007 extinguished all known claims and waived the provisions of Civil Code section 1542 thus extinguishing any and all unknown claims.

*The Writ of Error Corum Nobis*

The court properly denied Daria's error *coram nobis* petition. (*People v. Kim* (2009) 45 Cal.4th 1078.) The writ of *Coram Nobis* is "'used almost exclusively to attack judgments in criminal cases.' [Citation.]" (*Id.*, fn. 9.) Its

4

"purpose 'is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court.' [Citation.]" (*Id.*, p. 1091.)

Here, the relief sought by Daria was addressed by the trial court on the merits and disposed of by its ruling on why four persons and an insurance company should not be substituted for fictitiously named defendants. Specifically, the trial court determined that the persons she wished to add were known to her at the inception of these proceedings many years ago and that the causes of action in her fourth amended complaint did not apply to these persons and were time barred. No fact existed that Daria could not have known that in any way would have prevented the rendition of the judgment. The trial court did not abuse its discretion by denying the error *coram nobis* petition.

*DISPOSITION*

The judgment is affirmed. Costs to respondents.

<u>NOT TO BE PUBLISHED.</u>

BURKE, J.[*]

We concur:

GILBERT, P. J.

YEGAN, J.

---

[*] (Judge of the Superior Court of San Luis Obispo County, assigned by the Chief Justice pursuant to art. 6, § 6 of the Cal. Const.)

5

James W. Brown, Judge

Donna Geck, Judge

Superior Court County of Santa Barbara

_____

Haley Daria, in pro. per., for Plaintiff and Appellant.

Kaufman Dolowich & Voluck, Kathleen M. Hurl, Gabriel Rubin for Defendants and Respondents.