Filed 9/16/14  Farmers Ins. Exchange v. Karnazes CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| FARMERS INSURANCE EXCHANGE,<br><br>        Plaintiff,<br><br>v.<br><br>ELIZABETH KARNAZES,<br><br>        Defendant and Appellant;<br><br>BRIAN CARTER,<br><br>        Claimant and Respondent. | A138999<br><br>(San Mateo County<br>Super. Ct. No. CIV461610) |


Appellant Elizabeth Karnazes (Karnazes), in propria persona, appeals from the trial court's orders on costs.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

In March 2007, Farmers Insurance Exchange filed an interpleader action to have the court determine the proper distribution of a $75,001 settlement in a lawsuit between its insureds and David Melchner and Underground Lounge (collectively, Melchner).  The $75,001 to be paid to Melchner was allegedly the subject of liens filed by Melchner's previous attorneys, including Karnazes and the law firm of Anderlini, Finkelstein, Emerick and Smoot (AFES).  Farmers Insurance Exchange was discharged from the action in February 2008.

---

[1] Portions of this factual background are taken from this court's decision in a previous appeal.  (*Farmers Ins. Exchange v. Melchner* (Sept. 27, 2010, A125556) [nonpub. opn.].)

1

In April 2007, respondent Brian Carter, doing business as Discovery Judgment Recovery (DJR), filed a "Notice of Lien" in the interpleader action. The lien was based on a money judgment entered in another case. According to the Notice of Lien, DJR was the judgment creditor and Melchner was the judgment debtor in the other case. In December 2010, DJR intervened in the present action.

In April 2012, after the close of trial, the trial court granted a motion for entry of judgment against Karnazes under section 631.8 of the Code of Civil Procedure. Thereafter, the only remaining parties—DJR and AFES—reached a settlement. The interpled funds would be divided equally between the two parties "[a]nd each side [will] bear their own costs and attorneys fees."

On July 22, 2012, judgment was entered on DJR's complaint in intervention in favor of DJR and AFES, and against Karnazes. On October 29, 2012, DJR filed a memorandum of costs; a copy was sent to Karnazes. In February 2013, Karnazes moved to correct the trial court's judgment and for leave to file a motion to tax costs. The court denied the motion to correct the judgment, which apparently related to Karnazes's claim that she was not liable for costs due to the settlement reached by DJR and AFES. The court granted Karnazes leave to file an apparently untimely motion to tax costs. (See Cal. Rules of Court, rule 3.1700(b)(1).)[2]

In March 2013, Karnazes filed her motion to tax costs, and DJR filed an opposition. On May 31, the trial court denied the motion to tax costs. This appeal followed.[3]

DISCUSSION

At the outset, we emphasize the well-established principle that in addressing an appeal, we begin with the presumption that the judgment or order of the trial court is correct. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) Karnazes, as the

[2] All further rules references are to the California Rules of Court.

[3] Karnazes's February 27, 2014 request for judicial notice is denied. Resolution of this appeal does not require consideration of the materials from prior cases referenced therein.

party challenging the trial court's orders on costs, has the burden of demonstrating reversible error. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) Meeting this burden requires record citations to the pertinent evidence or other matters in the record that demonstrate reversible error. (*Chicago Title Ins. Co. v. AMZ Ins. Services, Inc.* (2010) 188 Cal.App.4th 401, 424; *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115.) It also requires citation to relevant legal authority and argument. (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545-546.) It is not our responsibility to comb the appellate record for facts to support Karnazes's claims on appeal. (*Chicago Title Ins.*, at p. 424.) Karnazes's failure to meet her burden with respect to any claim results in forfeiture of the claim on appeal. (*Ibid.*; *Mansell*, at pp. 545-546.) These principles dictate the result in the present appeal.

Karnazes contends the trial court erred in awarding costs against her because, in settling the lawsuit, DJR and AFES agreed "each side [will] bear their own costs and attorneys fees." The trial court concluded that language did not apply to any other parties. Karnazes cites no authority for the proposition that she is entitled to benefit from a term in a settlement involving other parties.

Karnazes contends the October 29, 2012 costs memorandum was not timely filed under rule 3.1700(a)(1) because it was not filed within 15 days of the July 22 judgment.[4] However, she cites to no portion of the record showing that the clerk of the court mailed notice of entry of the judgment to Carter or that Carter was otherwise served notice of

---

[4] Rule 3.1700(a)(1) provides, "A prevailing party who claims costs must serve and file a memorandum of costs within 15 days after the date of mailing of the notice of entry of judgment or dismissal by the clerk under Code of Civil Procedure section 664.5 or the date of service of written notice of entry of judgment or dismissal, or within 180 days after entry of judgment, whichever is first. The memorandum of costs must be verified by a statement of the party, attorney, or agent that to the best of his or her knowledge the items of cost are correct and were necessarily incurred in the case."

entry of the judgment, as required to trigger the 15 day time period. Thus, Karnazes has not shown that the 180-day alternative time period in rule 3.1700(a)(1) was inapplicable.[5]

Karnazes makes a range of specific objections to costs items requested by DJR, but she fails to support her objections with record citations and citations to authority. In particular, she fails to support her contention that an award of $655 for filing fees in a previous appeal was improper because that was not the proper amount of the filing fee. She fails to present authority supporting her contention that various other amounts requested should have been rejected because DJR did not present sufficient proof of payment. She fails to present support for her assertions that the trial court erred in awarding costs against her, as opposed to against another party, and in the amount awarded for service of process. In sum, Karnazes presents only a barrage of conclusory assertions, rather than the reasoned and supported arguments required of an appellate brief. Her contentions have thereby been forfeited.

Finally, this court will not consider various other arguments made by Karnazes in passing and lacking support in reasoned argument with citations to the record and authority, regarding, for example, alleged judicial bias, improper procedures, and judicial rulings preceding those that are the subject of the present appeal.

## DISPOSITION

The trial court's orders are affirmed. Costs on appeal are awarded to respondent.

---

[5] DJR argued below that Karnazes waived any objection to the alleged untimeliness of the memorandum of costs when the trial court allowed her to file an untimely motion to tax costs. Because she has not shown the costs memorandum was untimely, we need not consider that contention.

_____
SIMONS, Acting P.J.

We concur.

_____
NEEDHAM, J.

_____
BRUINIERS, J.

5