Filed 10/29/15  Zaki v. Zaki CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DOREEN ZAKI,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SAMUEL ZAKI,<br><br>    Defendant and Appellant. | F069339<br><br>(Super. Ct. No. 10CEFL03130)<br><br>**OPINION** |

APPEAL from an order of the Superior Court of Fresno County.  Ronda Duncan, Commissioner.

Samuel Zaki, in pro. per., for Defendant and Appellant.

Linda J. Zachritz for Plaintiff and Respondent.

-ooOoo-

In July 2010, the trial court issued a protective order under the Domestic Violence Prevention Act (DVPA) (Fam. Code, § 6200 et seq.) restraining appellant, Samuel Zaki,

from having any contact with respondent, Doreen Zaki, for three years. Before this restraining order expired, respondent requested that it be renewed under Family Code section 6345, subdivision (a). Following a contested hearing, the trial court renewed the restraining order for five years.

Appellant challenges the restraining order's renewal. According to appellant, the 2010 order was improperly issued, the trial court erred in excluding certain evidence, appellant was denied due process, the trial court's findings are not supported by substantial evidence, and the trial court abused its discretion.

Appellant has not met his burden of demonstrating error. Therefore, the order will be affirmed.

## BACKGROUND

On July 23, 2010, the trial court issued a restraining order under the DVPA against appellant effective for three years. The court based the order on respondent's evidence of repeated angry confrontations by appellant and at least one direct threat against her life.

Appellant appealed arguing the trial court engaged in judicial misconduct, erred in excluding a psychological evaluation of respondent prepared by Grant Hutchison, Ph.D., and abused its discretion in issuing the restraining order. Finding that appellant's claims lacked merit, we affirmed the order. (*Zaki v. Zaki* (Jun. 19, 2012, F060945) [nonpub. opn.].)

Respondent filed a request to renew the restraining order on July 15, 2013. In support of her request, respondent declared that she continued to fear appellant and that he had violated the restraining order several times. Respondent alleged that appellant called her house telephone in June 2013, sent a letter to her in March 2013, and indirectly contacted her by telephone through third parties on multiple occasions in 2012.

At the hearing on the renewal request, respondent presented evidence that appellant contacted her directly by letter twice, by telephone once, and in person at the

2.

courthouse. Respondent also testified that she received numerous telephone calls from third parties delivering messages from appellant, including repeated requests to drop the restraining order.

The trial court found that appellant violated the restraining order four times by sending two letters to respondent, calling respondent on the telephone, and contacting respondent outside the courtroom during the renewal proceedings. The trial court concluded that, based on the totality of the circumstances, including appellant's inability or unwillingness to follow the court order, respondent had a reasonable and genuine apprehension that abuse would continue without the restraining order. The court noted that the abuse was not physical in nature. Rather, the abusive conduct consisted of threats, accusations, berating comments and references to mental illness that continued in appellant's July 24, 2013 letter to respondent. Accordingly, the trial court renewed the restraining order for five years.

## DISCUSSION

**1.** *The 2010 restraining order is final and cannot be challenged in this appeal.*

Appellant contends that the initial 2010 restraining order is invalid. However, in challenging a renewal order, the restrained party cannot "'challenge the truth of the evidence and findings underlying the initial order.'" (*Lister v. Bowen* (2013) 215 Cal.App.4th 319, 333 (*Lister*).) Moreover, appellant previously challenged the 2010 order and this court upheld its validity. Therefore, appellant's claim is barred under the doctrine of res judicata. (*Murray v. Alaska Airlines, Inc.* (2010) 50 Cal.4th 860, 866-867.) Appellant cannot relitigate a claim that has been finally determined. (*Roos v. Red* (2005) 130 Cal.App.4th 870, 879.)

**2.** *The 2010 order was not terminated by the dissolution judgment in August 2012.*

The stipulated judgment dissolving the parties' marriage in August 2012 provided that appellant and respondent "are released and absolved from all restraints placed on

3.

them by the Standard Family Law Restraining Orders contained in the Summons (Family Law) issued herein." Appellant argues that this termination of the family law restraining orders also terminated the DVPA restraining order issued in July 2010.

However, as appellant was told by the trial court on multiple occasions, the standard restraining orders issued in every dissolution action are separate from a DVPA restraining order. Accordingly, a DVPA restraining order is not automatically terminated when the marriage is dissolved.

**3.     *Appellant was not denied procedural due process.***

Appellant asserts he was not given the opportunity to be fully and fairly heard before an impartial decision maker. To support this claim, appellant first argues that the trial court erred in refusing to admit a psychological evaluation of respondent prepared by Grant Hutchison, Ph.D. into evidence.

This evaluation is one of the pieces of evidence appellant presented to the trial court during the initial restraining order proceedings and it was excluded from evidence on the ground that appellant did not lay a foundation for its admission. We held the trial court did not abuse its discretion in excluding this evaluation as hearsay in *Zaki v. Zaki, supra*, F060945 (nonpub. opn.). Appellant also did not lay a foundation for admission of the Hutchison evaluation in this proceeding. Accordingly, the trial court did not abuse its discretion in excluding this evidence.

Appellant next asserts the trial court "aligned herself with opposing counsel; propounded questions which were used to build a case against [appellant]; denied [appellant] a reasonable opportunity to present his defense; interrupted and disoriented [appellant], thereby undermining his morale and ability to defend himself herein; failed to consider evidence already admitted by both the trial and appellate courts; and thereby denied [appellant's] rights under the Fifth and Fourteenth Amendments." Appellant

4.

further alleges the trial court made up its mind before reading the case, "changed the rules in the middle of the game," and committed various "injudicious acts."

A number of appellant's allegations of improper judicial conduct have no citations to the record. We are not required to search the record to ascertain whether it contains support for appellant's contentions. (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545.) In any event, a review of the record belies appellant's claims. The record demonstrates the trial court was very patient with appellant and gave him ample opportunity to present his case. The court merely refused to accept irrelevant evidence or argument and had to remind appellant repeatedly to refrain from personally attacking respondent and her counsel. Accordingly, appellant has not met his burden of demonstrating he was denied due process.

**4.** ***The trial court did not abuse its discretion in renewing the restraining order.***

A trial court's ruling on a request to renew a DVPA restraining order is reviewed for an abuse of discretion. (*Eneaji v. Ubboe* (2014) 229 Cal.App.4th 1457, 1463.) Such an abuse occurs only when the ruling exceeds the bounds of reason. (*Ibid*.)

"A trial court should renew the protective order, if, and only if, it finds by a preponderance of the evidence that the protected party entertains a 'reasonable apprehension' of future abuse." (*Ritchie v. Konrad* (2004) 115 Cal.App.4th 1275, 1290.) This standard does not require the court to find it is more likely than not future abuse will occur if the protective order is not renewed. Rather, the evidence need only demonstrate it is more probable than not there is a sufficient risk of future abuse to find the protected party's apprehension is genuine and reasonable. (*Ibid*.) A violation of a restraining order is very serious and gives significant support for renewing that restraining order. (*Lister, supra,* 215 Cal.App.4th at p. 335.)

Here, the trial court found that appellant violated the 2010 protective order four times by writing two letters to respondent, calling respondent on the telephone and

confronting respondent outside the courtroom during the renewal proceedings. Appellant admitted to writing the second letter dated July 24, 2013, but argued that the restraining order had been terminated and therefore he did not violate the order. However, the trial court, finding appellant to be an "incredibly intelligent individual," concluded that appellant was "disingenuous when he claimed he thought the restraining order had ended." The trial court also found appellant undermined his credibility repeatedly when asked about these violations by either denying they occurred or claiming he did not recall.

It is within the trial court's purview to make factual findings and they will not be disturbed on appeal where they are supported by substantial evidence. Accepting as true all evidence that tends to establish the correctness of the trial court findings and resolving every conflict in favor of the ruling, we conclude the trial court's determination that appellant violated the 2010 protective order four times is supported by the record. (*Sabbah v. Sabbah* (2007) 151 Cal.App.4th 818, 822-823.)

Based on appellant's repeated violations of the restraining order, the court concluded that appellant appeared unable to control himself. The court also reviewed the abuse underlying the 2010 restraining order, i.e., name calling, berating comments, and accusations of mental illness, and noted that appellant was continuing this abuse as demonstrated by the July 24, 2013 letter. The court additionally found a renewal of the restraining order would not significantly burden appellant. Based on the totality of the circumstances, including appellant's past inability or unwillingness to follow the restraining order, the court ruled that respondent had a reasonable and genuine apprehension that the abuse would continue without the restraining order. Accordingly, the trial court reissued the restraining order.

The trial court committed no error and its ruling did not exceed the bounds of reason. Therefore, the court did not abuse its discretion when it renewed the restraining order against appellant.

**DISPOSITION**

The order is affirmed. Costs on appeal are awarded to respondent.

_____

LEVY, J.

WE CONCUR:


_____

HILL, P.J.


_____

PEÑA, J.