Filed 6/1/21

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| VERIZON CALIFORNIA INC., | C083537 |
| Plaintiff and Appellant, | (Super. Ct. No. 34201100116029CUMCGDS) |
| v. | |
| BOARD OF EQUALIZATION et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Eugene L. Balonon, Judge. Affirmed.

O'Melveny & Meyers, Luann L. Simmons, Kendall K. Turner and Abby F. Rudzin, *pro hac vice*, for Plaintiff and Appellant.

Kerr & Wagstaffe, Wagstaffe, von Loewenfeldt, Busch & Radwick, Michael von Loewenfeldt and Frank Busch for Defendant and Respondent Board of Equalization.

Brian Wirtz, County Counsel, for Defendant and Respondent County of Placer.

Amy I. Terrible, County Counsel, for Defendant and Respondent County of Tulare.

1

Leroy Smith, County Counsel, and Linda K. Ash, Assistant County Counsel, for Defendant and Respondent County of Ventura.

Jeffrey S. Blanck, County Counsel, and Scott A. Miles, Senior Deputy Counsel for Defendant and Respondent County of Humbolt.

Greenberg Traurig, Colin W. Fraser, C. Stephen Davis and Bradley R. Marsh as Amicus Curiae on behalf of Plaintiff and Appellant.

This is an appeal from the trial court's judgment granting the State Board of Equalization's (Board) motion for summary adjudication of Verizon California Inc.'s (Verizon) consolidated actions to recover taxes wrongly levied on its California property for the tax years 2008 through 2012. Verizon argues that the Board should have adopted the valuations it proposed in its petitions to the Board to reassess its property. The statutory ground of the actions requires a "dispute" regarding the Board's assessments of the property. (Rev. & Tax. Code, § 5148, subd. (a).)[1] Finding none we shall affirm the judgment.

The California Constitution requires that the Board annually assess the fair market value of telephone company property in California. (Cal. Const., art XIII, § 19; §§ 721, 722.) "[T]he value of the assets of a phone company . . . depends on the [statewide] interrelation and operation of the entire property as a unit [the unitary value of the property]." (*Verizon California Inc. v. Board of Equalization* (2014) 230 Cal.App.4th 666, 672.) Taxes based on the assessed values are levied by each county in which the individual properties making up the unitary property are situated. (§ 745.)

A taxpayer may petition the Board to reassess its property. If the petition is denied, the taxpayer may file a judicial action to recover taxes wrongly levied on its

---

[1]    Section references to an unidentified code are to the Revenue and Taxation Code, unless otherwise indicated.

property that arise out of a "dispute" regarding the Board's assessed valuation. (§ 5148, subd. (a).) The taxpayer must first pay the taxes levied on the basis of the assessment. (§ 5148, subd. (g).) A petitioner also may seek agreement with Board staff of a joint recommendation to the Board for approval of a resolution of any or all issues presented in a petition. (Cal. Code Regs., tit. 18, § 5325.4.) A joint recommendation must contain "a statement confirming petitioner's agreement with such recommendation." (*Ibid.*) To emphasize, the purpose of a "stipulation[]" is to "resolve all or some of the issues" before the Board, and the petitioner must "confirm[]" its approval of the stipulation. (*Id.*, § 5325, subd. (a).) Although the Board is "not required to adopt [a] recommendation" involving a confirmed stipulation (*id.*, § 5325.4), if it does it "resolve[s]" the issue tendered and binds the parties (*id.*, § 5325, subd. (a)).

As relevant to this appeal, Verizon petitioned the Board to reduce its assessments for the tax years 2008 through 2012. Verizon paid the taxes levied by the counties for each year based on the Board-assessed values set forth in its petitions. Verizon then joined with Board staff to seek approval from the Board of joint recommendations to lower the assessed values of its property set forth in its petitions. The Board approved the joint recommendations.

Verizon filed actions for refunds for the years 2008 through 2012 arguing that the Board should have adopted the valuations proposed in its petitions. The trial court consolidated the actions. The Board moved for summary adjudication of the claims on the ground the court lacked jurisdiction because in approving the Verizon/Board staff recommendations for reduced valuations Verizon failed to exhaust its administrative remedies with respect to the valuations it claimed in its petitions. Verizon answered, arguing in effect that a petition to the Board for reassessment tendered both the petition assessed values and the Board reduced valuations.

The trial court granted the motion for summary adjudication of the consolidated actions based on the Board's approvals of the parties' joint recommendations for a

3

reduction in assessed valuations. The court said the assessed valuations set forth in Verizon's petitions were "*modified by agreement of both parties*, prior to submission to the Board for its final decision . . . ." The "agreement" refers to the Board's procedure by which the taxpayer "agree[s] [with Board staff] to a joint recommendation [to the Board]" on a proposed resolution of some or all of the issues presented in a petition, including valuation. (Cal. Code Regs., tit. 18, § 5325.4.)

On this basis the trial court concluded: "Because of the mutually agreed recommendation[s] on value, no disputed issues were presented to the Board for [tax years] 2008 through 2012. In each of those five years, the Board adopted the revised value that had been jointly recommended by Verizon and [the Board] staff, reducing Verizon's tax basis by over $1.1 billion in the aggregate. [¶] . . .*Verizon cannot ask the Board to adopt a jointly presented reduction in value, receive the agreed reduction, and then turn around and sue for a lower value than it asked the Board to adopt*."

Verizon timely appealed the trial court's decision.

DISCUSSION

The appeal is from the granting of the Board's motion for summary adjudication. A motion for summary adjudication "shall proceed in all procedural respects as a motion for summary judgment." (Code Civ. Proc., § 437c, subd. (f)(2).) "The purpose of a summary judgment proceeding is to permit a party to show that material factual claims arising from the pleadings need not be tried because they are not in dispute." (*Andalon v. Superior Court* (1984) 162 Cal.App.3d 600, 604-605.) The material factual claims in this case are whether there are "disputes" regarding the Board's assessed valuations.

The Board argues that Verizon failed to exhaust its administrative remedies by failing to tender its assessment claims to the Board. Verizon claims that in agreeing with the Board staff to reduced assessments it did not waive its claims to the assessed values requested in its petitions. The Board responded by filing a motion for summary adjudication based on Verizon's failure to tender the merits of Verizon's claims to the

4

Board and thus failed to exhaust them.  As the Board explains it:  "Verizon failed to exhaust because it ultimately did not present the Board with any dispute over value to decide; instead it compromised and the Board was asked to award an undisputed, agreed-upon value, which Verizon then received."

Verizon misunderstands the effect of the joint recommendations approved by the Board.  We agree that as to each tax year there were two valuations before the Board, but only in the sense that a jointly-recommended assessed valuation, approved by the Board, reduced, and therefore replaced, the assessed valuation to which a petition was directed.  Since the petition assessments were replaced by the reduced values agreed to there were no "disputes" as to assessed valuation as required for an action based on section 5148, subdivision (a).[2]

## PROCEDURE

Government Code section 15606, subdivision (a) authorizes the Board to "prescribe rules for its own government and for the transaction of its business."  The rules are set out in title 18 California Code of Regulations.  Pursuant to these rules the Board assesses the values of the unitary property, "notif[ies] the state assessees of the values determined by the Board[,] and . . . [notifies the assessees] that a petition for reassessment of the unitary property" may be filed and specifies the filing dates.  (Cal. Code Regs., tit. 18, § 904, subd. (a).)  The petition must set forth "the precise elements of the Board's valuation . . . that petitioner is contesting," and "[s]tate the facts relied upon to support the requested change."  (*Id.*, § 5323.4.)

---

[2]      Notwithstanding, Verizon is entitled to recover the difference between the taxes paid on the basis of the Board-assessed valuations set forth in its petitions and the taxes that would have been levied on the basis of the reduced valuations set forth in the joint recommendations approved by the Board.

5

This case turns on the simple wording of title 18 California Code of Regulations section 5325.4, the remedy actually exhausted in this case.[3]  It provides that a petitioner and the State Assessed Properties Division may "agree[] to a joint recommendation on a proposed resolution of all issues presented in the petition," including assessed valuations. Although the Board is not compelled to agree with a recommendation agreed to by the petitioner for resolution of an issue, if the Board does agree the parties to the "resolution" are bound by it.

The governing statutes require that a response to a motion for summary adjudication "shall include a separate statement that responds to each of the material facts contended by the moving party to be undisputed."  (Code of Civ. Proc., § 437c, subd. (b)(3).)  "Each material fact contended by the opposing party to be disputed shall be followed by a reference to the supporting evidence."  (*Ibid.*)  Verizon did none of these things.  Verizon did not respond to the Board's statement of undisputed facts, as required by Code of Civil Procedure section 437c, subdivision (b)(3).  But it did file numerous documents claiming there was evidence in them in opposition to the Board's statement of undisputed facts.  Verizon did not identify the evidence nor relate it to an undisputed fact. Since this court is not required to search the record for such evidence, the trial court was entitled to rely on the undisputed facts tendered by the Board.  (*Mansell v. Board of*

---

**3**  Title 18 California Code of Regulations section 5325.4 provides, in relevant part: "With respect to all petitions as to which the petitioner and the State-Assessed Properties Division have agreed to a joint recommendation on a proposed resolution of all issues presented in the petition before the petitioner's appeals conference or petitioner's reply brief, if no appeals conference is scheduled, the Legal Unit will prepare and submit the State-Assessed Properties Division's Recommendation for Property Tax Petition . . . to the Chief of Board Proceedings.  This recommendation will include a brief analysis of the petition . . . *as well as a statement confirming petitioner's agreement with such recommendation.*  The Board, however, is not required to adopt the recommendation or take the recommended Board action."  (Italics added.)

6

*Administration* (1994) 30 Cal.App.4th 539, 545 ["We are not required to search the record to ascertain whether it contains support for [appellant's] contentions."].)

Further, "[i]f requested by petitioner, the State-Assessed Properties Division [of the Board] and the Legal Unit will meet with the petitioner . . . . to exchange relevant information and evidence, identify issues, and, if possible, enter into stipulations to resolve all or some of the issues." (Cal. Code Regs., tit. 18, § 5325, subd. (a).) The parties may "agree[] to a joint recommendation on a proposed resolution of all issues presented in the petition" and if "no appeals conference is scheduled" present it to the Board. (*Id.*, § 5325.4.) "This recommendation will include a brief analysis of the petition and the related supporting documents . . . as well as a statement *confirming petitioner's agreement with such recommendation*." (*Ibid*., italics added.)

Although a petitioner is not required to engage in discussions leading to a joint recommendation, it may, and although the Board is "not required to adopt [a] recommendation[] or take the recommended Board action," it may, in which case the joint recommendation, agreed to by both petitioner and the Board, may, as provided by title 18 California Code of Regulations section 5325, "resolve all or some of the issues," including valuation, tendered in the petition. It is in this manner that the Board approval of a recommendation "resolve[s] . . . issues" tendered in the petition. As the Board explained: "For tax years 2008-2012 . . . the Board was not presented with a dispute to resolve, but instead with a new value agreed to by both [Board] staff and Verizon." The approval by the Board of all of the issues submitted for approval is binding on the parties to the submission.[4]

---

[4] The confusion arises because it is not a contractual agreement between the parties that binds Verizon but the submittal to and approval by the Board of the joint submission. Thus when the assessee joins in and agrees to a submission to the Board and the Board approves the submission it is the agreement between the assessee and the Board that is binding on the assessee. That agreement precludes the assessee from claiming there is a

7

For example, the undisputed, material facts for the tax year 2008 show the Board assessed Verizon's unitary property at $3,920,700,000. Verizon petitioned the Board to reassess the property at $3,167,262,523, but then "agreed" with the Board staff to present the Board with a jointly recommended unitary value of $3,595,900,000. Verizon's representative confirmed the agreement stating: "On behalf of Verizon Communications Inc. I concur with the write up and summary of our discussion and agreement to a revised 2008 . . . value indicator for Verizon Communications of $3,595,900,000." The Board then was informed that the staff of the "Appeals Division recommends that the Board partially grant the petition for reassessment and adopt the revised value recommended by respondent and *agreed upon by petitioner*, reducing the 2008 Board adopted-adopted unitary value of $3,920,700,000 to $3,595,900,000." (Italics added.) Accordingly, undisputed fact No. 19 states: "On December 16, 2008, the Board granted Verizon's petition for reassessment in part[5] and reduced the Board-adopted 2008 unitary value of $3,920,700,000 to $3,595,900,000." Similarly, no disputed issues of valuation were presented to the Board for the tax years 2009 through 2012.

Since, for 2008, Verizon agreed with the Board's reduction of its assessed valuation of $3,920,700,000, upon which its petition was based, to the recommended value of $3,595,900,000, there was no "dispute" as to valuation upon which to base a section 5148 complaint.

It is undisputed that for each tax year from 2008 through 2012 the Board adopted the Verizon/Board staff joint recommendation on valuation. Accordingly, since Verizon

---

dispute between them that is a predicate for an action pursuant to section 5148, subdivision (a).

[5] The reference to "in part" reflects the fact that the Board did not grant the whole, but only a part of the reduced valuations initially sought by Verizon.

*agreed* to the reduced assessments, set forth in the joint recommendations and approved by the Board, Verizon had no "disputes" with the Board regarding assessed valuation.

DISPOSITION

The judgment is affirmed.  The parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)


/s/
BLEASE, Acting P. J.

We concur:


/s/
MAURO, J.


/s/
RENNER, J.