Filed 2/28/22  Kuznets v. Nationstar Mortgage CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ANDREI KUZNETS, | D078373 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2019-00067750-CU-OR-NC) |
| NATIONSTAR MORTGAGE, LLC et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy M. Casserly, Judge.  Appeal dismissed.

Andrei I Kuznets, in pro. per. for Plaintiff and Appellant.

Troutman Pepper Hamilton Sanders and Jared D. Bissell for Defendants and Respondent.

Andrei Kuznets appeals after the trial court granted the unopposed motion for judgment on the pleadings of Nationstar Mortgage LLC dba Mr. Cooper (Nationstar); Mortgage Electronic Registration Systems, Inc. (MERS); and U.S. Bank, National Association, as Trustee for Structured Adjustable Rate Mortgage Loan Trust, Mortgage Pass-Through Certificates Series

2006-12 (U.S. Bank) (Nationstar, MERS, and U.S. Bank collectively Respondents). Because there is no appealable judgment or order, we dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

On November 3, 2006, Kuznets obtained a loan for $452,000 from First Magnus Financial Corporation (First Magnus) secured by a deed of trust (the DOT) recorded against certain real property located in Oceanside, California (the Property). The DOT identified MERS as the beneficiary, as nominee for First Magnus and its successors and assigns. The DOT expressly stated that "[t]he Note or a partial interest in the Note (together with this [DOT]) can be sold one or more times without prior notice to Borrower." Within the DOT is a "power of sale" provision securing to the lender the repayment of the loan and allowing for the foreclosure sale of the Property in the event of Kuznets's breach of his obligations. The DOT provides that as beneficiary of the DOT, MERS, "[as nominee for Lender and Lender's successors and assigns], has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property, and to take any action required of the lender. . . ."

MERS assigned the DOT to U.S. Bank via an assignment recorded on September 20, 2016. On September 27, 2016, a Substitution of Trustee was recorded against the Property memorializing the substitution from U.S. Bank to Aztec Foreclosure Corporation (Aztec). On February 7, 2019, a notice of default was recorded against the Property. A notice of trustee's sale was recorded against the Property in July 2019.

On December 20, 2019, Kuznets, proceeding in pro. per., sued Respondents and Aztec, alleging 12 causes of action: (1) intentional

2

misrepresentation; (2) violation of Civil Code sections 2924.12 and 2924.17, subdivisions (a) and (b); (3) violation of the Homeowners Bill of Rights; (4) to void or cancel assignment of deed of trust; (5) cancellation of written instruments; (6) to set aside trustee's sale; (7) to void or cancel trustee's deed upon sale; (8) slander of title; (9) violation of Business and Professions Code section 17200; (10) quiet title; (11) declaratory relief; and (12) fraud in the concealment. Respondents answered the complaint, and, on June 5, 2020, Respondents filed a motion for judgment on the pleadings along with a request for judicial notice.[1] The hearing on the motion was set for October 2, 2020.

Kuznets did not oppose the motion. However, two days before the motion was set to be heard, Kuznets filed a first amended complaint. On October 2, the court granted the motion for judgment on the pleadings. The order did not indicate whether the court did so with prejudice. That same day, the register of actions reflects that the court also dismissed the first amended complaint with prejudice as to Respondents.

Kuznets filed a notice of appeal. However, at the time of the appeal, the trial court had not entered judgment against Kuznets or issued an order of dismissal. Thus, on February 4, 2021, we sent the parties a letter requesting that Kuznets or Respondents obtain an appropriate judgment of dismissal or order of dismissal and submit a copy to us. Kuznets responded with a letter stating that he tried to obtain a judgment or order of dismissal from the trial court, but the trial court would provide no further documents.

---

[1] Neither the motion nor the request for judicial notice are included in the record of appeal.

He also pointed out that the dismissal with prejudice as to the Respondents was noted in the register of actions. Respondents did not respond to our request.

On February 25, 2021, we indicated that we would allow the appeal to proceed on the minute order but noted the appealability of that order may be subject to further consideration during the pendency of the appeal.

## DISCUSSION

At the outset, we observe that Kuznets is not entitled to special treatment by this court even though he is representing himself without the assistance of an attorney. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.) Rather, we are required to hold him to the same standards as a practicing attorney. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) While the implications of this rule may be harsh, it is not intended to penalize self-represented litigants. Instead, it is necessary to maintain the stability and smooth operation of the courts.

Kuznets purports to appeal a minute order granting Respondents' motion for judgment on the pleadings. However, an order granting a motion for judgment on the pleadings is not appealable; the appeal must be taken from the ensuing judgment of dismissal or a dismissal order that constitutes a judgment under Code of Civil Procedure section 581d. (*Old Town Development Corp. v. Urban Renewal Agency of City of Monterey* (1967) 249 Cal.App.2d 313, 317 (*Old Town*).) Here, there is no judgment of dismissal or dismissal order in the record.

We asked the parties to obtain either a judgment or dismissal order. Kuznets informed us that he attempted to do so, but the trial court declined to provide any additional documents. Respondents have been silent on the

4

issue.[2] Although we informed the parties that the appealability of the subject minute order could be further considered on appeal, neither party addressed the issue in their briefs. Indeed, Respondents appear to assume the minute order is appealable. Citing *Gerawan Farming, Inc. v. Lyons* (2000) 24 Cal.4th 468 at page 515, they maintain that we review de novo an *order* granting judgment on the pleadings. Not so. In *Gerawan*, our high court was not considering a minute order, like the one in the instant action, granting a motion for judgment on the pleadings, but instead, a judgment on the superior court's order granting such a motion. (*Ibid.*) Thus, *Gerawan* does not hold that the minute order here is appealable.

Kuznets also points to the trial court's dismissal with prejudice of the first amended complaint as to Respondents. However, there is no dismissal order in the record. Instead, the register of actions simply indicates the first amended complaint was dismissed with prejudice.

Simply put, there is no judgment or order of dismissal in the record here. The minute order granting the motion for judgment on the pleadings is not appealable. (See *Old Town*, *supra*, 249 Cal.App.2d at p. 317.) As such, this appeal must be dismissed.

However, even if we considered the appeal on the merits, Kuznets's appeal would not prove successful. " 'A judgment on the pleadings in favor of the defendant is appropriate when the complaint fails to allege facts sufficient to state a cause of action' " (*People ex rel. Harris v. Pac Anchor Transportation, Inc.* (2014) 59 Cal.4th 772, 777 (*Pac Anchor Transportation*)),

[2] Respondents' silence is somewhat surprising. Typically, especially when a party is proceeding in pro. per., a defendant who brings a motion that results in a dismissal with prejudice of the operative complaint obtains a judgment or order of dismissal. Such a judgment or order benefits the defendant because it begins the period in which the plaintiff must file a notice of appeal.

or shows "on its face [it] is barred by the statute of limitations" (*Hunt v. County of Shasta* (1990) 225 Cal.App.3d 432, 440; see *SLPR, L.L.C. v. San Diego Unified Port Dist.* (2020) 49 Cal.App.5th 284, 316). " 'A motion for judgment on the pleadings is equivalent to a demurrer and is governed by the same de novo standard of review.' " (*Pac Anchor Transportation*, at p. 777.) " 'All properly pleaded, material facts are deemed true, but not contentions, deductions, or conclusions of fact or law . . . .' " (*Ibid.*) We may consider judicially noticeable matters. (*Ibid.*)

Here, in the opening brief, Kuznets does not discuss the elements of any of his 12 causes of action. Nor does he show that the facts pleaded are sufficient to establish such elements. Accordingly, Kuznets fails to satisfy his appellate burden to affirmatively demonstrate error. (See *Scott v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 743, 751-752; *In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

Kuznets attempts to show grounds for reversal by arguing the trial court violated his "rights for just and fair equitable treatment" when it advanced a hearing from 1:30 p.m. to 9:00 a.m. However, as Kuznets notes, he was present telephonically when the court moved the time of the hearing. Moreover, although he did not file an opposition to the motion for judgment on the pleadings, there is no indication that he was not allowed to argue at the hearing or that the court considered new arguments at the hearing. Indeed, it appears the court simply adopted its tentative ruling, which was based on Kuznets's failure to oppose the motion. In other words, we do not see how Kuznets was prejudiced by the court moving the time of the hearing.

We also are not persuaded by Kuznets's contention that Respondents somehow impaired his ability to respond to the motion for judgment on the pleadings. A motion for judgment on the pleadings serves the function of a

demurrer, challenging the allegations in the complaint. (See *Pac Anchor Transportation, supra*, 59 Cal.4th at p. 777; *Cloud v. Northrop Grumman Corp.* (1998) 67 Cal.App.4th 995, 999.) Thus, to defeat the motion, Kuznets must show how his allegations state a valid cause of action or set forth additional allegations he can plead to state a valid cause of action. Here, Kuznets claims that Respondents tried "to conceal and prevent further discovery of securities fraud and mortgage contract violations." Yet, Kuznets points to no pending discovery or inadequate discovery responses on behalf of Respondents. Moreover, Kuznets does not detail what additional allegations he claims he would be able to allege but for Respondents' interference that would survive a motion for judgment on the pleadings.

Finally, Kuznets argues the trial court's granting of the motion for judgment on the pleadings constituted judicial overreach, violated precedent, and was contrary to superior court common practices. To this end, Kuznets maintains the court erred by not considering the allegations in the first amended complaint in ruling on the motion for judgment on the pleadings. Yet, on the record before us, it does not appear the first amended complaint was properly before the court. Respondents had already answered the original complaint and the time by which Kuznets was required to file an opposition to the motion for judgment on the pleadings had passed; therefore, Kuznets needed the court's permission to file an amended complaint. (Code Civ Proc., § 472, subd. (a).) There is no indication in the record that he received the court's permission.

In addition, to the extent Kuznets believes that the allegations in the first amended complaint evidence that he could state a valid claim against Respondents, it is his burden as the appellant to articulate those causes of action. A reviewing court is "not required to search the record to ascertain

whether it contains support for [the appellant's] contentions." (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545.)

Kuznets also faults the trial court for relying on *Rooney v. Vermont Investment Corporation* (1973) 10 Cal.3d 351 at page 367 (*Rooney*) for the proposition that a party's failure to oppose a motion is an admission that the motion is meritorious. He claims the court misreads *Rooney*. Although our high court, in *Rooney*, was addressing a procedural issue not present in the instant action, the court noted that the failure to oppose a duly noticed motion makes the motion an uncontested proceeding.[3] (*Ibid*.) Here, because Kuznets did not file any opposition to the motion for judgment on the pleadings, the court was entitled to consider that lack of opposition to be an admission that the motion was meritorious. (See Super. Ct. San Diego County, Local Rules, rule 3.2.1(c)(5) ["[F]ailure of the responding party to serve and file points and authorities within the time permitted without good cause may be considered by the court as an admission the motion is meritorious"]; cf. *Herzberg v. County of Plumas* (2005) 133 Cal.App.4th 1, 20 [plaintiffs abandoned claim against defendant by failing to oppose defendant's demurrer].)

Accordingly, even if we considered the merits of Kuznets's appeal, we would find no error.

---

[3] Specifically, the court was considering this issue within the context of the superior court empowering a commissioner to hear, report on, and determine uncontested actions and proceedings. (*Rooney, supra*, 10 Cal.3d at pp. 366-368.)

DISPOSITON

The appeal is dismissed. The parties are to bear their own costs on appeal.

HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


DO, J.