Filed 11/10/21  Mehdi v. Abbas CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| NABILA MEHDI, | |
| Plaintiff and Appellant, | E073055 |
| v. | (Super. Ct. No. CIVDS1605438) |
| MUHAMMAD ABBAS et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Sachs, Judge.  Affirmed.

Katherine Butts Warwick, for Plaintiff and Appellant.

Fernald Law Group and Brandon C. Fernald, for Defendants and Respondents, Yasmin Fatima Zaidi and Syed Haider.

No appearance for Defendant and Respondent, Muhammad Abbas.

## I.

## INTRODUCTION

This case involves a complicated commercial dispute between several parties with

1

an extensive procedural history and a record that spans almost 3,000 pages. We need discuss only a small portion of the case, however, because of the scant argument and deficiencies in, plaintiff and appellant, Nabila Mehdi's opening brief. Because Mehdi has failed to meet her burden on appeal of showing that the trial court erred, we affirm the judgment.

II.

FACTUAL AND PROCEDURAL BACKGROUND

Mehdi sued defendants and respondents, Illumiere, Inc., Illumiere 14, Inc., Muhammad Abbas, Yasmin Fatima Zaidi, and Syed Haider, over a dispute stemming from her investment in the Illumiere 14, Inc. Mehdi's operative First Amended Complaint (FAC) asserted six causes of action, including a claim for intentional interference with prospective economic advantage, which Mehdi asserted against only the Illumiere entities and Abbas.

The Illumiere entities and Abbas demurred to the FAC. The trial court overruled the demurrer in part and sustained it without leave to amend in part. Among other things, the trial court sustained the demurrer without leave to amend as to Mehdi's claim for intentional interference with prospective economic advantage "as to all defendants." The trial court also sustained the demurrer without leave to amend as to all of Mehdi's claims against Illumiere, Inc.

The trial court later granted Haider's motion for summary judgment, entered judgment in his favor on all of Mehdi's claims against him, and dismissed him from the

2

case. The case then went to a bench trial on Mehdi's remaining claims against Illumiere 14, Abbas, and Zaidi.

After the close of Mehdi's evidence, Illumiere 14, Abbas, and Zaidi moved for judgment (Code Civ. Proc., § 631.8). The trial court granted Zaidi's motion in its entirety and entered judgment in Zaidi's favor on Mehdi's claims against her. The trial court granted Illumiere 14 and Abbas's motion as to two of Mehdi's claims, but denied it as to her remaining claim against them. The trial court found, however, that Mehdi failed to prove that claim. The trial court therefore entered judgment for Illumiere 14 and Abbas on all of Mehdi's claims against them. Mehdi timely appealed.

## III.

## DISCUSSION

Mehdi argues we should reverse the judgments for respondents and enter judgment in her favor. We conclude Mehdi has failed to meet her burden of showing the trial court erred in any respect.

The trial court's judgment is presumed correct on appeal, and it is the appellant's burden to affirmatively demonstrate prejudicial error. (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125.) To do so, the appellant must, among other things, present reasoned argument with citations to appropriate legal authority and the record in his or her opening brief. (Cal. Rules of Court, rule 8.204(a)(1)(B) & (C); *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.)

3

Each point raised in the appellant's opening brief must be stated under a separate heading or subheading summarizing the point and must be supported by argument. (Cal. Rules of Court, rule 8.204(a)(1)(B).) If not, the argument may be treated as forfeited. (*Golden Day Schools, Inc. v. Department of Education* (1999) 69 Cal.App.4th 681, 695, fn. 9.) Relatedly, "[i]ssues not raised in the appellant's opening brief are deemed waived or abandoned," (*Aptos Council v. County of Santa Cruz* (2017) 10 Cal.App.5th 266, 296 fn. 7), and we need not consider arguments raised for the first time in an appellant's reply brief absent good cause. (*WorldMark, The Club v. Wyndham Resort Development Corp.* (2010) 187 Cal.App.4th 1017, 1030 fn. 7.)

The two-page argument section of Mehdi's opening brief addresses only her claim for intentional interference with prospective advantage, which she asserted against the Illumiere entities and Abbas only and which the trial court dismissed without leave to amend "as to all defendants." Mehdi provides no meaningful argument about her other claims, the trial court's grant of summary judgment to Haider, or the trial court's rulings during the bench trial.

"On appeal, a plaintiff bears the burden of demonstrating that the trial court erroneously sustained the demurrer as a matter of law. . . . Because a demurrer tests the legal sufficiency of a complaint, the plaintiff must show the complaint alleges facts sufficient to establish every element of each cause of action. . . . [¶] When a demurrer is sustained without leave to amend, this court decides whether a reasonable possibility exists that amendment may cure the defect; if it can we reverse, but if not we affirm. The

4

plaintiff bears the burden of proving there is a reasonable possibility of amendment." (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43.)

"To meet this burden, a plaintiff must submit a proposed amended complaint or, on appeal, enumerate the facts and demonstrate how those facts establish a cause of action. [Citations.] Absent such a showing, the appellate court cannot assess whether or not the trial court abused its discretion by denying leave to amend." (*Cantu v. Resolution Trust Corp.* (1994) 4 Cal.App.4th 857, 890.) In sum, the appellant must show that "the demurrer was sustained erroneously or that sustaining the demurrer without leave to amend was an abuse of discretion." (*Coutin v. Lucas* (1990) 220 Cal.App.3d 1016, 1020.)

Mehdi fails to meet her burden on appeal. In the argument section of her opening brief, Mehdi overlooks the fact that the trial court sustained the demurrer to her claim for intentional interference with prospective economic advantage without leave to amend "as to all defendants." Mehdi thus does not, as she must, cite any law applicable to how the trial court rules on demurrers or how this court reviews those rulings. (See Cal. Rules of Court, rule 8.204(a)(1)(B) & (C); *Nwosu v. Uba*, *supra*, 122 Cal.App.4th at p. 1246.)

More importantly, Mehdi does not mention what the FAC alleged anywhere in her opening brief. Instead, she extensively discusses case's procedural history, the evidence in the record, and why, in her view, she proved her claim for intentional interference with prospective economic advantage. But, with some exceptions not applicable here, the trial court does not consider anything beyond the complaint in ruling on a demurrer. (See *Lee*

5

*v. Los Angeles County Metropolitan Transportation Authority* (2003) 107 Cal.App.4th 848, 854; *Williams v. Housing Authority of Los Angeles* (2004) 121 Cal.App.4th 708, 714 fn. 6.)  The trial court and this court only focus on whether the operative complaint states a valid claim for relief.

In short, Mehdi makes no attempt in her opening brief to explain how the FAC stated a valid claim for intentional interference with prospective economic advantage, why the trial court erred in sustaining the demurrer to that claim without leave to amend, or how she could amend the FAC to cure its deficiencies.

On appeal from an order sustaining a demurrer without leave to amend, the appellant "must affirmatively demonstrate error" by showing "the facts pleaded are sufficient to establish every element of a cause of action and [must] overcome all legal grounds on which the trial court sustained the demurrer."  (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1052.)  Mehdi's opening brief does not meet this burden.  Because Mehdi fails to "enumerate the facts [alleged in the FAC] and demonstrate how those facts establish a cause of action" in her opening brief, we "cannot assess whether or not the trial court abused its discretion by denying leave to amend." (*Cantu v. Resolution Trust Corp.*, *supra*, 4 Cal.App.4th at p. 890.)

We therefore conclude Mehdi failed to meet her burden on appeal of showing the trial court erroneously sustained the demurrer to her claim for intentional interference with prospective economic advantage without leave to amend.  Because this is the only issue Mehdi arguably addresses in the argument section of her opening brief, we likewise

6

conclude she failed to meet her burden on appeal of showing the trial court erred in any respect. (See *Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 204 ["'[A]n appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim.'"]; *Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545 [appellant waived argument the trial court erred because "she has presented no intelligible legal argument as to any other contentions"]; see also *Aptos Council v. County of Santa Cruz*, *supra*, 10 Cal.App.5th at p. 296 fn. 7 ["Issues not raised in the appellant's opening brief are deemed waived or abandoned."].) Accordingly, we affirm the judgment.

IV.

DISPOSITION

The judgment is affirmed. Respondents are entitled to recover their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

Acting P. J.

We concur:

SLOUGH

J.

FIELDS

J.

7
