Filed 9/23/24  Benton v. Collect Access, LLC CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TOM C. BENTON, | B316886 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19STCV46728) |
| v. | |
| COLLECT ACCESS, LLC et al., | |
| Defendants and Respondents. | |

APPEAL from an order and judgment of the Superior Court of Los Angeles County, John Doyle, Judge.  Affirmed.

Law Offices of Roger E. Naghash, Roger Naghash and Nicole Naghash for Plaintiff and Appellant.

Zee Law Group, Tappan Zee, Kimberly Barrientos; Bao Law Group and Jeffrey Bao for Defendants and Respondents Collect Access, LLC and Zee Law Group, PC.

Holland & Knight, Abraham J. Colman and Zachary C. Frampton for Defendants and Respondents CardWorks, Inc. and CardWorks Servicing, LLC.

———————————————

Defendant and respondent Collect Access, LLC (Collect Access), represented by Zee Law Group, PC (Zee Law), filed a lawsuit against plaintiff and appellant Tom C. Benton and the Benton Company to collect unpaid credit card debt. After Collect Access obtained a default judgment, Benton successfully moved to set aside the judgment and to dismiss the action for failure to serve the summons and complaint in a timely manner. The trial court ordered the action dismissed with prejudice.

Benton then filed suit against defendants and respondents Collect Access, Zee Law, CardWorks, Inc., and CardWorks Servicing, LLC,[1] for allegedly filing a meritless lawsuit to collect a debt that Benton did not incur. Collect Access and Zee Law moved to strike Benton's claims against them pursuant to California's anti-SLAPP statute (Code Civ. Proc., § 425.16).[2] The trial court granted the motion. CardWorks successfully moved for summary judgment. Benton challenges both orders.

We conclude Collect Access and Zee Law established that Benton's causes of action arise from protected activity and Benton failed to show the claims have minimal merit. The trial court thus properly granted the special motion to strike. We also

_____

[1]     We refer to CardWorks, Inc. and CardWorks Servicing, LLC collectively as "CardWorks."

[2]     All subsequent undesignated statutory references are to the Code of Civil Procedure.

conclude Benton fails to present any grounds to reverse the trial court's order granting summary judgment to CardWorks. We affirm the order and judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

*Collect Access's Lawsuit*

In June 2010, Collect Access, represented by Zee Law, filed suit against Tom C. Benton, the Benton Company, and various aliases (collectively, Benton) for breach of contract and related claims. Collect Access alleged that in July 2001, Benton entered into an agreement under which Advanta Bank (Advanta) would loan money to Benton. Collect Access further alleged that in 2007, Benton failed to pay as agreed. According to the complaint, Advanta assigned all rights to collect Benton's debt to Collect Access. Collect Access successfully obtained a default judgment.

In April 2017, the trial court granted Benton's motion to set aside the entry of default and default judgment. The court also directed the levying officer to release any monies held. In January 2019, the court dismissed the action with prejudice due to Collect Access's failure to serve the summons and complaint within five years.

*Benton's Lawsuit Against Respondents*

In December 2019, Benton, individually and as successor in interest to the Benton Company, filed a lawsuit against Collect Access and Zee Law, alleging violations of the Fair Debt Collection Practice Act (FDCPA) (15 U.S.C. § 1692 et seq.) and the Rosenthal Fair Debt Collection Practice Act (RFDCPA) (Civ. Code, § 1788 et seq.), and asserting claims for malicious

3

prosecution and abuse of process.[3]  In October 2020, Benton filed an amended complaint, adding the CardWorks entities as defendants and alleging they were successors in interest to Advanta.  The amended complaint asserted the FDCPA and RFDCPA causes of action against all defendants and the malicious prosecution and abuse of process claims against Collect Access and CardWorks only.

Benton's first amended complaint alleged that in June 2010, Collect Access and Zee Law filed a meritless complaint to collect credit card debt that Benton never incurred.  According to the complaint, the defendants fabricated the allegations that Benton owed debt, filed a false proof of service, and submitted false declarations to obtain a default judgment.  In December 2016, the defendants levied Benton's bank account, taking $45,000.  This caused Benton to learn of the default judgment and debt.  Benton alleged that the declarations of service, request to enter default, and notice of entry of judgment were fraudulent debt collection activities.  He further alleged that Collect Access and CardWorks initiated the collection action against him based on fabricated documents.

### Collect Access's and Zee Law's Special Motion to Strike

Collect Access and Zee Law filed a special motion to strike all causes of action under section 425.16.  The trial court granted

---

[3]  Both the FDCPA and RFDCPA govern fair debt collection practices.  The FDCPA is the federal statute and the RFDCPA, which incorporates portions of the federal FDCPA, is the California counterpart.  (*Davidson v. Seterus, Inc.* (2018) 21 Cal.App.5th 283, 295; Civ. Code, § 1788.17.)  The RFDCPA prohibits specified acts by debt collectors (Civ. Code, §§ 1788.10–1788.16) and requires them to comply with provisions of the FDCPA (15 U.S.C. § 1692 et seq.).

4

the motion. It found Collect Access and Zee Law met their initial burden of showing Benton's claims are based on protected activity because they arise from Collect Access's lawsuit. The court also concluded Benton did not establish his claims have minimal merit because the FDCPA and RFDCPA claims are time-barred, the litigation privilege applies to the abuse of process claim, and Benton did not provide evidence that the underlying action was filed without probable cause, as required to establish his malicious prosecution claim.

### CardWorks's Motion for Summary Judgment

CardWorks filed a motion for summary judgment. It argued Benton's FDCPA and RFDCPA claims fail because CardWorks had no connection to the credit card account or debt collection efforts, the debt was business debt not covered by the FDCPA or the RFDCPA, and the malicious prosecution and abuse of process claims fail because CardWorks was not involved in Collect Access's lawsuit.

To support its motion, CardWorks submitted a declaration from CardWorks Senior Vice President Michael Paschal. Paschal declared that Advanta was closed and filed for bankruptcy in 2009. The Federal Deposit Insurance Corporation (FDIC) was named receiver. In 2010, Deutsche Bank Trust Company America appointed CardWorks "to act as successor servicer for a certain portfolio of small business credit cards" after Advanta closed. Paschal declared CardWorks did not acquire an ownership interest in or become a successor to Advanta. He further declared that the portfolio of small business credit cards CardWorks was appointed to service did not include any account in the name of Tom C. Benton, the Benton Company, or any similar names.

CardWorks also filed a request for judicial notice in support of its motion for summary judgment. The court granted the request. Among the judicially noticed documents was the "summary of case" from Collect Access's request for entry of default judgment filed in the underlying collection lawsuit. In the summary of case was a "Bill of Sale and Assignment" dated December 2007, which states that Advanta "hereby absolutely sells, transfers, assigns, sets-over, quitclaims and conveys to (Buyer) The Sagres Company" the "right to collect all principal, interest, [and] other amounts due," followed by an Advanta credit card statement in Benton's name showing a "past due" balance.

Benton opposed CardWorks's motion.[4] Without providing any supporting evidence, he argued the Advanta account in his name was transferred to CardWorks as a "successor servicer" and "representative, agent, and assignee," thus CardWorks was liable for malicious prosecution and abuse of process based on Collect Access's lawsuit. He further argued he could pursue claims under the FDCPA and RFDCPA because the credit card account in question was for personal use. Benton requested a continuance to conduct additional discovery. He also sought leave to amend his complaint.

Benton filed declarations from himself and his attorney, and documents from Collect Access's underlying lawsuit. Benton declared he had not been properly served, he never requested an Advanta credit card, and he only learned of the debt when Collect Access levied his bank account. Benton submitted a largely

---

[4]    We grant Benton's motion to augment the record with his memorandum of points and authorities in opposition to summary judgment and other related documents which were not included in the clerk's transcript.

6

redacted page, which he claimed to have obtained during discovery, listing Benton's name and social security number. Benton contended the documents proved CardWorks was untruthful about being a successor-in-interest to Advanta. In the reply, however, CardWorks asserted the document is from a "schedule of accounts" that Advanta sold to The Sagres Company, pursuant to the bill of sale in December 2007.

The trial court granted summary judgment.[5] It concluded the FDCPA and RFDCPA claims are time-barred and otherwise fail due to the nature of the debt. It also determined the malicious prosecution and abuse of process claims required CardWorks to have some involvement in Collect Access's lawsuit, CardWorks carried its evidentiary burden to show it was not involved, and Benton failed to present any evidence to the contrary. The trial court denied Benton's motion for a continuance to conduct additional discovery, concluding the evidence sought was irrelevant to the resolution of the summary judgment motion. It further denied Benton's request for leave to amend his complaint.

Benton timely appealed.

## DISCUSSION

### I. Special Motion to Strike

Benton argues the trial court improperly granted the special motion to strike because his complaint is based on Collect Access's and Zee Law's unlawful, and thus unprotected, activities. He also asserts, without any explanation, that he has a high probability of success on his claims. We affirm the trial

---

[5] The trial court issued a single order ruling on both the special motion to strike and the motion for summary judgment.

7

court order striking the claims against Collect Access and Zee Law.

### A. Legal principles and standard of review

"Enacted by the Legislature in 1992, the anti-SLAPP statute is designed to protect defendants from meritless lawsuits that might chill the exercise of their rights to speak and petition on matters of public concern." (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 883–884 (*Wilson*).) To that end, section 425.16, subdivision (b)(1) provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

Accordingly, the resolution of a special motion to strike under section 425.16 involves two steps. "Initially, the moving defendant bears the burden of establishing that the challenged allegations or claims 'aris[e] from' protected activity in which the defendant has engaged." (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1061 (*Park*).) A claim arises from protected activity "when that activity underlies or forms the basis for the claim." (*Id.* at p. 1062.) "[I]n ruling on an anti-SLAPP motion, courts should consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability." (*Id.* at p. 1063; *Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1015.)

If the defendant carries its burden to demonstrate the plaintiff's claims arise from protected activity, the plaintiff must then demonstrate the claims have minimal merit. (*Wilson*, *supra*, 7 Cal.5th at p. 884.) "To do so, the plaintiff must show the complaint is legally sufficient and ' " 'supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.' . . ." [Citation.]' [Citation.]" (*Taheri Law Group v. Evans* (2008) 160 Cal.App.4th 482, 488.)

Our review is de novo. (*Park*, *supra*, 2 Cal.5th at p. 1067.) "We exercise independent judgment in determining whether, based on our own review of the record, the challenged claims arise from protected activity." (*Ibid*.) We consider "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (§ 425.16, subd. (b)(2).) We do not "weigh the evidence, but accept the plaintiff's submissions as true and consider only whether any contrary evidence from the defendant establishes its entitlement to prevail as a matter of law." (*Park*, at p. 1067.) We broadly construe the anti-SLAPP statute. (§ 425.16, subd. (a).)

**B.    The causes of action arise from protected activity**

Section 425.16, subdivision (e), describes the four categories of conduct " ' "in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" ' " the anti-SLAPP statute protects. (*Rand Resources, LLC v. City of Carson* (2019) 6 Cal.5th 610, 620.) These include "any written or oral statement or writing made before a legislative, executive, or judicial proceeding" and "any written or oral statement or writing made

in connection with an issue under consideration or review by a legislative, executive, or judicial body . . . ." (§ 425.16, subd. (e)(1), (2).)

Collect Access and Zee Law met their burden to demonstrate that Benton's causes of action all arise from protected activity. Benton's complaint alleges that Collect Access, represented by Zee Law, filed an action to collect a debt he did not owe, in violation of the FDCPA and RFDCPA. He further alleges the lawsuit constituted malicious prosecution and an abuse of process. It is well established that filing a lawsuit is an exercise of a party's constitutional right of petition. (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 291 ["The filing of lawsuits is an aspect of the First Amendment right of petition"]; *Navellier v. Sletten* (2002) 29 Cal.4th 82, 90 ["The constitutional right of petition encompasses ' " 'the basic act of filing litigation' " ' "].) In addition, "actions taken to collect a judgment, such as obtaining a writ of execution and levying on [a] judgment debtor's property" are communications in the course of a judicial proceeding. (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1055, 1052, 1062 (*Rusheen*).)

Benton counters that his claims do not arise from protected activity because his alleged credit card debt was "fabricated" and the underlying lawsuit was therefore "fraudulent." He relies on *Flatley v. Mauro* (2006) 39 Cal.4th 299 (*Flatley*), in which our high court held, "[A] defendant whose assertedly protected speech or petitioning activity was illegal as a matter of law, and therefore unprotected by constitutional guarantees of free speech and petition, cannot use the anti-SLAPP statute to strike the plaintiff's complaint." (*Id*. at p. 305.) In *Flatley*, the court determined the communications at issue constituted criminal

10

extortion and affirmed the appellate court's determination that extortionate speech is not constitutionally protected. The anti-SLAPP statute therefore did not apply. (*Ibid*.)

Benton's reliance on *Flatley* is misplaced. "[T]he rule from *Flatley . . .* is limited to criminal conduct." (*Fremont Reorganizing Corp. v. Faigin* (2011) 198 Cal.App.4th 1153, 1169; accord, *Bergstein v. Stroock & Stroock & Lavan LLP* (2015) 236 Cal.App.4th 793, 806 ["case authorities after *Flatley* have found the *Flatley* rule applies only to criminal conduct, not to conduct that is illegal because in violation of statute or common law"].) There is no allegation or evidence in this case that Collect Access or Zee Law engaged in criminal conduct. The communications which formed the basis of Benton's complaint were filing the underlying lawsuit, obtaining a judgment, and attempting to enforce it. The legal violations Benton alleges are of civil statutes and common law. Moreover, even if we were to apply *Flatley* more broadly, Benton simply asserts that the collection lawsuit "had NO legal basis." He has not demonstrated Collect Access's and Zee Law's actions in invoking the judicial process to enforce a debt were illegal as a matter of law and therefore unprotected. (Cf. *Flatley*, *supra*, 39 Cal.4th at p. 332, fn. 16 [concluding the communications at issue constituted criminal extortion as a matter of law "based on the specific and extreme circumstances of this case"].)

Collect Access and Zee Law established that Benton's claims all arise from protected activity under section 425.16, subdivision (e). Benton was thus required to demonstrate that his claims have at least minimal merit.

11

**C.  Benton has forfeited any contention that he demonstrated a probability of prevailing on his claims**

It is a fundamental rule of appellate review that an appealed judgment or order is presumed correct, and error must be affirmatively shown.  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.)  " 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court.' " (*Ibid*.)  "An appellant must provide an argument and legal authority to support his contentions.  This burden requires more than a mere assertion that the judgment is wrong.  'Issues do not have a life of their own: If they are not raised or supported by argument or citation to authority, [they are] . . . waived.'  [Citation.]  It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness.  When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852; *Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1075 (*Delta Stewardship*).)

In his appellate briefing, Benton has described the elements of malicious prosecution and abuse of process claims and the two-step process for anti-SLAPP motions.  He then concludes: "There is a high probability of Plaintiff, Benton's success at trial."  He offers no further argument and no citations to authority.  He does not address the arguments made in the special motion to strike or the trial court's ruling.  We therefore treat Benton's arguments regarding the merits of his claims as forfeited.

Although we need not consider the issue further, we note that to the extent Benton intended certain statements in other portions of his appellate briefing to demonstrate the minimal merit of his claims, we would still reject the arguments on their merits. Under the heading "Whether the defendants have made a threshold showing that the challenged cause of action is one arising from protected activity," Benton asserts the statute of limitations does not bar his wrongful debt collection claims. We disagree.

"A plaintiff must bring a claim within the limitations period after accrual of the cause of action." (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806.) Generally, a claim "accrues at 'the time when the cause of action is complete with all of its elements.' [Citations.]" (*Ibid.*) The statute of limitations for claims under the FDCPA and RFDCPA is one year from the date of the violation. (Civ. Code, § 1788.30, subd. (f); 15 U.S.C. § 1692k(d); *Paredes v. Credit Consulting Services, Inc.* (2022) 82 Cal.App.5th 410, 425, 426 (*Paredes*).) Where the FDCPA and RFDCPA claims arise, as they do here, from the filing of a complaint seeking to collect on an alleged debt, the date the claim is complete with all its elements is generally the date of the filing and service of the complaint and summons. (*Paredes*, at p. 427.) With respect to the RFDCPA, the limitations period may be extended by the "[u]se of judicial proceedings to collect a debt without service of process ([Civ. Code,] § 1788.15, subd. a)) . . . insofar as the conduct involves multiple acts, such as obtaining and collecting on a judgment, that extend over a period of time

before the proceedings are concluded." (*Komarova v. National Credit Acceptance, Inc.* (2009) 175 Cal.App.4th 324, 344.)[6]

Collect Access and Zee Law filed the complaint against Benton in June 2010. They levied his bank account in December 2016. Benton's complaint alleges that in August 2018, Collect Access and Zee Law "unlawfully" served him in the action. The complaint does not allege that Collect Access and Zee Law took any further steps to collect the debt. However, Benton did not file his complaint until December 2019, over one year later, outside any possible limitations period.

Benton asserts his FDCPA and RFDCPA claims did not accrue until March 2019, when the court dismissed Collect Access's lawsuit with prejudice for failing to timely serve the summons and complaint. He neither cites legal authority for this proposition nor includes any argument to support the statement. Benton has not demonstrated that he can establish his wrongful debt collection claims were timely filed.

Under the same heading related to the first prong of the anti-SLAPP analysis, Benton asserts the defendants brought and maintained an action against him without probable cause. Presumably, this assertion relates to his malicious prosecution claim. (See *Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 871–872 [malicious prosecution claim requires plaintiff to demonstrate (1) the prior action was pursued to legal termination

---

[6] "[T]here is no 'continuing violation doctrine' in the FDCPA context . . . ." (*Brown v. Transworld Systems, Inc.* (9th Cir. 2023) 73 F.4th 1030, 1044.) Thus, the FDCPA claim accrued when Collect Access filed the complaint against Benton in June 2010. (*Id.* at p. 1040 ["every alleged FDCPA violation triggers its own one-year statute of limitations as provided in [15 U.S.C.] § 1692k(d)"].)

14

in plaintiff's favor; (2) the action was brought without probable cause; and (3) the action was initiated with malice].)  Yet, Benton's only reference to supporting facts is the statement that he obtained a dismissal of the Collect Access suit.  Even if the dismissal is deemed a favorable termination with respect to the malicious prosecution claim, that alone would not establish a lack of probable cause or malice.  (*Maleti v. Wickers* (2022) 82 Cal.App.5th 181, 207 [favorable termination and lack of probable cause are distinct elements].)  Benton makes no other attempt to show that his malicious prosecution claim has minimal merit.

Further, the abuse of process claim is precluded by the litigation privilege.  (*Rusheen*, *supra*, 37 Cal.4th at p. 1052.)  The privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 212.) " '[C]ommunications with "some relation" to judicial proceedings' are 'absolutely immune from tort liability' by the litigation privilege [citation]." (*Rusheen*, at p. 1057.)  This includes situations where "the claim for abuse of process was based on the communicative act of filing allegedly false declarations of service to obtain a default judgment," such that the post-judgment enforcement efforts, including the application for a writ of execution and the act of levying the property, are also protected by the privilege.  (*Id*. at p. 1052.)  The privilege applies to all tort causes of action except malicious prosecution.  (*Hagberg v. California Federal Bank* (2004) 32 Cal.4th 350, 360.)

Although the trial court determined the litigation privilege barred Benton's abuse of process claim, Benton does not address

its application in his appellate briefing. " 'It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness.' [Citation.] Nor are we 'required to search the record on [our] own seeking error.' [Citation.]" (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 620.) Benton has failed to demonstrate error in the trial court ruling granting the special motion to strike.

## II. Summary Judgment

Benton argues the trial court improperly granted summary judgment to CardWorks because the court did not rule on his evidentiary objections and improperly considered late-filed evidence; there are triable issues of fact; and the court erred in denying him a continuance to conduct further discovery. CardWorks contends Benton has forfeited any argument that the trial court erred. CardWorks also asserts that Benton's arguments fail on the merits because, among other things, the FDCPA and RFDCPA claims are time-barred and there is no evidence CardWorks was involved in Collect Access's debt collection suit or activities. Finally, CardWorks argues Benton failed to establish that the trial court abused its discretion in denying his request for a continuance to conduct further discovery since he did not meet the statutory requirements under section 437c, subdivision (h). Benton has failed to identify any reversible error.

### A. Standard of review

A defendant moving for summary judgment carries the initial burden of showing that a cause of action lacks merit because the plaintiff cannot establish an element of the cause of action or there is a complete defense. (§ 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 853

16

(*Aguilar*).) If the defendant satisfies this initial burden, the burden shifts to the plaintiff to present evidence demonstrating a triable issue of material fact. (§ 437c, subd. (p)(2); *Aguilar*, at p. 850.) A triable issue exists if "the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Aguilar*, at p. 850.) In determining whether triable issues exist, courts " 'liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party.' [Citation.]" (*Hartford Casualty Ins. Co. v. Swift Distribution, Inc.* (2014) 59 Cal.4th 277, 286.) If the evidence does not raise a triable issue of material fact, the defendant is entitled to summary judgment. (*Ibid.*)

" ' " ' "We review the trial court's decision de novo, considering all the evidence set forth in the moving and opposing papers except that to which objections were made and sustained." ' [Citation.]" ' " (*Hampton v. County of San Diego* (2015) 62 Cal.4th 340, 347.) Nonetheless, the appellant still bears the burden of affirmatively demonstrating error. (*Nealy v. City of Santa Monica* (2015) 234 Cal.App.4th 359, 372.) Our review is limited to issues adequately raised and supported in the appellant's brief. (*Christoff v. Union Pacific Railroad Co.* (2005) 134 Cal.App.4th 118, 125.)

**B.    Benton has not established error in the trial court's evidentiary rulings**

Benton argues the trial court erred in failing to rule on his objections to CardWorks's evidence in support of summary judgment. He contends the trial court should have sustained his

objections and the grant of summary judgment was therefore improper.

Benton again fails to meet his burden on appeal of establishing error. Contrary to Benton's assertion, the trial court did rule on his objections; it summarily overruled all pending objections in its written order. Benton does not cite to the record, reference any legal authority, or provide any reasoned argument as to how the trial court erred in overruling his objections.

Benton's only specific assertions of error are that evidence may not be submitted with a reply brief, citing section 437c, subdivisions (a), (b), and (c), and that a separate statement of material facts cannot be submitted with the reply.[7] However, Benton does not demonstrate that the trial court relied on evidence submitted with the reply brief in making its ruling. He does not refer to any specific portion of the trial court ruling or suggest that the court's conclusions were connected to any evidence submitted only with CardWorks's reply. Thus, even if the trial court abused its discretion by overruling Benton's objection to CardWorks's submission of evidence with the reply,

_____

[7] At the time the trial court made the ruling at issue in this case, the only part of these identified subdivisions that applied to a reply brief stated: "A reply to the opposition shall be served and filed by the moving party not less than five days preceding the noticed or continued date of hearing, unless the court for good cause orders otherwise." (§ 437c, subd. (b)(4).) On July 15, 2024, the Legislature enacted amendments to section 437c. (§ 437c, subd. (b)(4), as amended by Stats. 2024, ch. 99 § 1, eff. Jan. 1, 2025.) The amendments modified section 437c, subdivision (b)(4) to explicitly indicate that a reply "shall not include any new evidentiary matter, additional material facts, or separate statement submitted with the reply and not presented in the moving papers or opposing papers."

he fails to show the error was prejudicial.  "We are not required to search the record to ascertain whether it contains support for [an appellant's] contentions."  (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545 (*Mansell*).)  Benton does not develop his legal claims of error, and "it is not this court's function to serve as [Benton's] backup appellate counsel . . . ."  (*Id.* at p. 546.)

Benton has not established any reversible error based on the trial court's evidentiary rulings.

## C. Benton has not met his burden of establishing trial court error in granting summary judgment

With respect to Benton's challenge to the substance of the trial court order granting summary judgment, CardWorks correctly contends that Benton's brief "cites only general legal principles without relating them to any specific facts or admissible evidence."  (Cf. *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115 (*Guthrey*).)  Benton makes the conclusory assertion that the trial court "improperly weighted [*sic*] evidence and erred in granting motion for summary judgment as there are genuine issues of fact."  He also asserts that CardWorks did not present any admissible evidence, the record does not support CardWorks's "contentions," and CardWorks's "contentions are factually disputed."

Benton does not support these assertions with any record citations, let alone describe the evidence purportedly in dispute.  He does not identify the specific contentions he asserts lack support.  For these reasons, Benton has not met his burden of establishing error, and his arguments are deemed waived.  (*Guthrey, supra*, 63 Cal.App.4th at pp. 1115–1116 [concluding

19

challenge to grant of summary judgment was waived where appellant failed to identify any specific facts and where they could be found in the record, and only generally referred to a triable issue of fact].)

Even assuming Benton had not forfeited his arguments by failing to provide reasoned discussion or citations to the record, the arguments would fail on the merits. As discussed above, Benton's FDCPA and RFDCPA claims are time-barred and his abuse of process claim is precluded by the litigation privilege. Benton points to no evidence regarding CardWorks that would mandate a different result. For example, there is no evidence CardWorks took any independent steps to collect the debt such that the limitations period might be extended for CardWorks but not for the other respondents.

Benton's remaining claim against CardWorks is for malicious prosecution. Yet, CardWorks presented evidence indicating it was not involved in Collect Access's lawsuit. Collect Access filed the suit and was represented by Zee Law. There is no mention of CardWorks in any of the filings or court orders. While it is undisputed that CardWorks is the successor servicer to *some* former Advanta credit card accounts, Benton did not provide any evidence suggesting CardWorks was involved in Collect Access's lawsuit.[8]

---

[8] In the trial court, Benton argued that a largely redacted page he obtained in discovery from CardWorks proved it was a "successor-in-interest to Advanta Bank." As we understand the argument, Benton's assertion is based on an inference arising from the document being in CardWorks's possession. However, the record in this case reveals that the same document was submitted as an attachment to a declaration in opposition to

20

On appeal, Benton appears to assert that there were triable issues related to an underlying fraud, in that a credit card was issued in his name without his authorization. Yet, Benton did not provide any evidence to rebut CardWorks's evidentiary showing that while CardWorks received some former Advanta credit card accounts from Deutsche Bank in August 2010, Benton's account was not among them. In other words, this was evidence that CardWorks did not become the successor to any liability Advanta or Collect Access might have had with respect to the credit card account issued in Benton's name. Benton also provided no evidence to dispute CardWorks's showing that, prior to the commencement of collection efforts, Advanta had already sold or assigned away the rights to Benton's alleged credit card debt. Benton further proffered no evidence suggesting any legal relationship existed between Collect Access and CardWorks. He has articulated no legal theory under which Advanta or CardWorks could have remained liable for the debt collection lawsuit or other collection efforts.

Benton did not raise any triable issues of material fact as to CardWorks's liability for malicious prosecution. He has not demonstrated that the trial court erred in granting summary judgment.

---

Benton's motion to compel documents. In the declaration, Collect Access's legal manager authenticated the Bill of Sale and Assignment which reflected that The Sagres Company assigned all rights to collect on the Benton account—identified on one of several mostly redacted pages—to Collect Access. Other documents from the underlying collection action indicated Advanta had previously sold its interest in the Benton account to The Sagres Company.

### D. Benton has not established the trial court abused its discretion in denying his continuance request

Finally, Benton asserts the trial court erred in denying his request for a continuance of the summary judgment hearing to allow him time to conduct additional discovery under section 437c, subdivision (h). We find no error.

"The decision to grant or deny a continuance request under section 437c, subdivision (h), is vested in the trial court's discretion [citation], and the court's ruling is reviewed for an abuse of discretion." (*Braganza v. Albertson's LLC* (2021) 67 Cal.App.5th 144, 152.) Benton argues he sought a continuance to conduct discovery to establish that "there was NO Bankruptcy with Advanta Corp related business as applicable to Plaintiff's claims in this action" and the "FDIC was NOT the receiver and Defendants CardWorks, Inc. and CardWorks Servicing, LLC, simply continued with Advanta Bank's business." The trial court denied Benton's request, concluding this information would be irrelevant to its determination of summary judgment.

On appeal, Benton contends only that the trial court "improperly denied [his] requests," with no further discussion. This is insufficient to present an issue for appellate review. (*Delta Stewardship*, *supra*, 48 Cal.App.5th at p. 1075; *Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1; *Mansell*, *supra*, 30 Cal.App.4th at p. 546.)

On the merits, we find no abuse of discretion. As noted above, CardWorks supported its motion for summary judgment with evidence establishing that in 2010, Deutsche Bank appointed CardWorks to act as successor servicer for a portfolio of small business credit cards following Advanta's closing, but no

account in Benton's name or his company's name was in that portfolio of accounts. CardWorks further proffered evidence establishing that it had no connection to or involvement in Collect Access's collection suit.

Benton argued in the trial court, as he does on appeal, that he needed a continuance to obtain discovery responses he asserted would establish that there was no bankruptcy proceeding "applicable" to his claims, the FDIC was not the receiver, and CardWorks "simply continued" with Advanta Bank's business. However, not only did Benton fail to support his continuance request with an explanation of the discovery he anticipated receiving that would undermine the documents in the public domain that support CardWorks's motion, he did not demonstrate that any of the requested discovery regarding bankruptcy, the identity of the receiver, or the legal relationship between Advanta and CardWorks, would be likely to demonstrate that CardWorks was involved in, or liable for, the collection lawsuit that formed the basis of his claims. Benton's declaration also did not indicate there was reason to believe the facts he alleged may exist. (*Jade Fashion & Co., Inc. v. Harkham Industries, Inc.* (2014) 229 Cal.App.4th 635, 656, 657.) The trial court did not abuse its discretion in denying Benton's request for a continuance.

## DISPOSITION

The trial court order granting Collect Access, LLC's and Zee Law Group, PC's special motion to strike is affirmed. The judgment in favor of CardWorks, Inc. and CardWorks Servicing, LLC, is also affirmed. Respondents to recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EGERTON, Acting P. J.

BERSHON, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.